IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLINTON A. JACKSON
   *Appellant*,

*v.*

RAYMON KEVIN NELSON
   *Appellee*.

Civil Action No. ELH-18-256

**MEMORANDUM OPINION**

This bankruptcy matter is before the Court for the second time,[1] and is rooted in an adversary proceeding filed in bankruptcy court by Clinton Jackson against Raymon Nelson, the defendant in the adversary proceeding and the debtor in a related Chapter 7 bankruptcy proceeding. Jackson, the self-represented plaintiff, appeals an Order of the United States Bankruptcy Court issued on January 23, 2018 (ECF 1-1), denying his Motion for Partial Summary Judgment (ECF 4-31, the "Motion"). *See* ECF 1 (Notice of Appeal); *see also* ECF 1-2 (Bankruptcy Court docket). In the Motion, Jackson sought to bar the discharge of Nelson's debt, pursuant to 11 U.S.C. §§ 727(a)(3) (a)(5), and (a)(7).

On appeal, Jackson contends that the Bankruptcy Court erred in denying his Motion. *See* ECF 7 (Jackson's Brief). Jackson has filed a "Designation of Record" (ECF 4), consisting of more than 700 pages of exhibits and other materials. He has also filed a "Statement of Issues To Be Presented On Appeal" (ECF 4-63) and an amended Table of Contents to his brief. *See* ECF 11.

---

[1] *See* ELH-15-3978 (Appeal filed by Raymon Nelson on December 29, 2015); *see also id.*, ECF 25 (Memorandum Opinion of July 20, 2016); ECF 26 (Order of July 20, 2016), vacating the Bankruptcy Court's award of summary judgment to Jackson and remanding to the Bankruptcy Court.

During the adversary proceeding, Nelson was represented by counsel. However, on March 15, 2018, Jackson filed a "Certificate of Service" (ECF 8), stating that Nelson's attorney informed him that he was not representing Nelson on appeal. *See id.* Therefore, Jackson served the brief and exhibits on Nelson by certified mail, sent to Nelson's last known residence and business. ECF 8 at 1-2. However, Nelson has not responded. *See* Docket. And, his time to do so has expired. *See* Fed. R. Bankr. 8018(a)(2) ("The appellee must serve and file a brief within 30 days after service of the appellant's brief.").

No hearing is necessary to resolve the appeal. *See* Local Rule 105.6. The Court is mindful of its obligation to construe liberally the filings of a pro se litigant, which are held to less stringent standards than formal filings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nevertheless, for the reasons that follow, I shall dismiss the appeal. ECF 1-1.

## I. Procedural and Factual Background[2]

### A.

As indicated, this is the second appeal arising from an adversary proceeding. I shall briefly recount the facts as they were set forth in my Memorandum Opinion of July 20, 2016 (ECF 25), in case ELH-15-3978 (hereinafter, "Appeal I").[3]

---

[2] I shall limit the factual and procedural background to those matters that are relevant to this appeal.

[3] A court "may properly take judicial notice of 'matters of public record' and other information that, under Fed. R. Evid. 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011). However, the adjudicative facts may "not [be] subject to reasonable dispute," in that they must be "(1) generally known within the territorial

Nelson, a cardiologist, had or has an ownership interest in three businesses: Raymon K. Nelson, Classic Cardiology, MD, PA, Inc. ("Classic Cardiology"); All About the Heart, LLC ("AAH"); and All About the Property, LLC ("AAP"). *See* Appeal I, ECF 25 at 2 (citing Appeal I, ECF 11 at 10, 12). Between June 2005 and April 2010, Nelson employed Jackson as a consultant to perform various services, including securing corporate financing. *Id.* (citing Appeal I, ECF 22 at 9-10, ¶ 3).

Jackson, a creditor of Nelson, ceased working for Nelson in April 2010. Appeal I, ECF 25 at 2 (citing Appeal I, ECF 22 at 9, ¶ 3). He subsequently filed suit against Nelson and Classic Cardiology in a Maryland court, apparently for breach of contract. *Id.* (citing Appeal I, ECF 2-4 at 36 and ECF 22 at 9-10, ¶ 3). On September 24, 2013, the Circuit Court for Anne Arundel County entered judgment in favor of Jackson in the amount of $135,363.72. *Id.* (citing Appeal I, ECF 2-4 at 36). The circuit court had previously awarded Jackson attorney's fees in the amount of $64,147. *Id.* According to Nelson, that "matter" was appealed to the Maryland Special Court of Appeals. *Id.* (citing Appeal I, ECF 11 at 10).

On November 7, 2013, Classic Cardiology filed a voluntary petition for bankruptcy relief pursuant to Chapter 11 of the United States Bankruptcy Code (the "Corporate Case"). *In re: Raymon K. Nelson, M.D., P.A. Classic Cardiology, Inc.*, WIL-13-28961 (Bank. D. Md.) (ECF 1). A week later, on November 14, 2013, Nelson filed a voluntary petition for bankruptcy relief

---

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Of relevance here, courts may take judicial notice of publicly available records. *See, e.g., Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("[C]ourts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment."). Among other things, a court may also take judicial notice of its own records. *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990).

pursuant to Chapter 11 of the United States Bankruptcy Code (the "Individual Case"). *In re: Raymon Kevin Nelson*, WIL-13-29248 (Bank. D. Md.) (ECF 1). Both petitions were subsequently converted to petitions under Chapter 7. *See* Appeal I, ECF 25 at 3 (citing Corporate Case, ECF 180, and Individual Case, ECF 149).

On May 5, 2015, Jackson initiated an adversary proceeding against Nelson in the Individual Case. *See* Appeal I, ECF 25 at 3. A copy of the Complaint was submitted as an exhibit to this appeal. ECF 4-3; *see also* ECF 4-2 (Adversary Proceeding Cover Sheet, dated May 5, 2015); ECF 1-2 at 25.

Jackson's Complaint, titled "Creditor Clinton A. Jackson's Complaint Objecting to Discharge of Debtor" (ECF 4-3), is not a model of clarity. Jackson alleged that "[t]he Debtor knowingly and fraudulently made a false oath or account" (*id.* at 5, ¶ 12) and that "[t]he Debtor concealed property that belonged to the estate with the intent to hinder, delay or defraud the Creditors and/or The Chapter 7 Trustee . . . ." *Id.* at 5, ¶ 13. In particular, the Complaint alleged, *inter alia*, that notwithstanding Nelson's amendments to his submissions to the Bankruptcy Court, Nelson failed to disclose income obtained from Classic Cardiology and AAH. *See generally id.* at 5-11, ¶¶ 14-26. Further, the Complaint alleged that Nelson failed to disclose a judgment debt incurred by AAP. *See id.* at 14-15, ¶ 31. Therefore, Jackson sought the denial of Nelson's discharge, pursuant to "11 U.S.C. Sections 727(a)(2) and/or (a)(3) and/or (a)(4) and/or (a)(5) and/or (a)(7) . . . ." *Id.* at 17; *see also* ECF 4-2 at 1; ECF 1-2; ECF 4-5 (Nelson's Answer, dated June 8, 2015).

On September 4, 2015, Jackson filed "Plaintiff's Motion for Summary Judgment" (Appeal I, ECF 2-7 at 1-2), which Jackson later supported with "Plaintiff's Second Amended

Memorandum in Support of Motion for Summary Judgment." *See* Appeal I, ECF 2-17. In relevant part, Jackson argued, *id.* at 27-28:

> There is no reasonable dispute as to any material facts in this case. The Debtor's Schedules, [Statement of Financial Affairs], false oaths and false testimony demonstrates his attempts to conceal property and hinder or delay the Trustee in his administration of the estate and/or the Creditors; the Debtor also failed to satisfactorily explain his unilateral removal of substantial assets from the Corporate Debtor's income tax returns, post-petition, and then provided false testimony in effort [sic] to support his unilateral decision to remove the assets, including $224,000 of accounts receivable; and the Debtor provided a host of falsities in effort [sic] to throw his accountant 2010-2014 [sic], Mr. McDuffie, under the bus, and toward the Plaintiff, in effort [sic] to erase a fully adjudicated State Court Judgment, by omitting disclosure [sic] of the fact that he and his non-filing spouse are the sole bookkeepers, check writers, printers of Quick Books and Smooth Solutions Software Accounts Receivable Records, etc. for both the Corporate Debtor and AAH, and exclusively control and account for in excess of $2.5 million annual cash flow. The Debtor's aforementioned acts were committed in connection with both the instant case and the Corporate Debtor's case (#13-28961). Therefore, the Debtor is not entitled to a discharge [of debt] pursuant to Section 727(a)(2), (a)(3), (a)(4), (a)(5) and (a)(7) of the Bankruptcy Code and Plaintiff is entitled to summary judgment as a matter of law.

Nelson opposed the prior summary judgment motion. Appeal I, ECF 2-11. He argued, *inter alia*, that summary judgment was improper because a dispute of material fact existed as to whether Nelson had intended to omit or mischaracterize information pertaining to income reported on financial disclosures to the Bankruptcy Court. *See* Appeal I, ECF 25 at 17-18 (citing Appeal I, ECF 11 at 21). Jackson replied. *See* Appeal I, ECF 2-21.

In an Order of December 17, 2015 (*see* Appeal I, ECF 2-28), the Bankruptcy Court (Lipp, J.) granted Jackson's motion for summary judgment in the adversary proceeding. The court denied the debtor's discharge under 11 U.S.C. § 727(a)(4) and § 727(a)(7). Nelson challenged that ruling in an appeal to this Court. *See* Appeal I, ECF 1.

By Memorandum and Order of July 20, 2016 (Appeal I, ECF 35; ECF 26), I vacated the Bankruptcy Court's Order of December 17, 2015, and remanded the case for further proceedings.

In particular, I concluded that there was a dispute of material fact as to whether Nelson intended to omit or mischaracterize information contained in his financial disclosure forms. *Id.*, ECF 25 at 28-29. Additionally, I concluded that the Bankruptcy Court had impermissibly assessed the credibility of evidence submitted in the context of Jackson's earlier summary judgment motion. *Id.*

After the remand, the Bankruptcy Court entered a Scheduling Order dated November 13, 2017. ECF 4-30 at 2. The court set a trial date of February 6, 2018. *Id.*

On November 28, 2017, soon after the Scheduling Order was issued, Jackson filed the Motion at issue here (ECF 4-31), asking the Bankruptcy Court, *inter alia*, to "deny[] the discharge of Defendant Raymon Kevin Nelson based upon Defendant's conduct in violation of [11 U.S.C. §§] 727(a)(3), 727(a)(5) and/or 727(a)(7)[.]" ECF 4-31 at 4; *see also id.* at 24. In the Motion, Jackson averred, *inter alia*, that Nelson had "concealed" and failed to "explain" assets in financial disclosure forms related to the Corporate Case. *Id.* at 6-8, 11. Further, Jackson contended that the alleged "concealment" of assets "made it impossible to ascertain the Corporate Debtor's true financial condition." *Id.* at 20. And, Jackson argued that 11 U.S.C. §§ 727(a)(3), 727(a)(5), and 727(a)(7) "do not require the Court's finding of [Nelson's] fraudulent intent" as to any funds he may have concealed. *Id.* at 3.

Jackson also argued, *id.* at 17:

> (1) Defendant violated [11 U.S.C.] Sections 727(a)(3) and 727(a)(7) by concealing accounts receivable from the Corporate Debtor; (2) Defendant violated Sections 727(a)(5) and 727(a)(7) by failing to explain satisfactorily the loss of the Corporate Debtor's assets and/or its' [sic] deficiency of assets to meet the Corporate Debtor's liabilities; and (3) Defendant violated Section 727(a)(5) by failing to explain satisfactorily the loss of his assets and/or his deficiency of assets to meet his liabilities.

6

Nelson, through counsel, filed a "Partial Response to Plaintiff's Motion For Summary Judgment." ECF 4-48. Nelson's attorney stated, *inter alia*, that Nelson was "out of the country, and Counsel has had a great deal of difficulty communicating with him. Counsel is therefore unable to review, discuss, and finalize a response . . . as the Defendant is unable to assist in or participate with the defense of his case[.]" *Id.* at 1, ¶ 1. Additionally, counsel stated that he had notified his client of his desire to withdraw from representation of Nelson. *Id.* ¶ 2.

As to the merits, counsel for Nelson contended that Jackson's Motion "was filed . . . in contravention of the ruling by the U.S. District Court for the District of Maryland in *Nelson v. Jackson*, Civil Action No. ELH-15-03978 (D. Md. 2016) requiring that the issue of intent be determined at trial." *Id.* at 2, ¶ 4.C.

Jackson replied. ECF 4-50. He argued that Nelson "was well aware of the pending motion for partial summary judgment . . . , but nonetheless apparently failed and/or declined to assist his counsel in timely responding to the motion." *Id.* at 1, ¶ 2.

The Bankruptcy Court held a hearing as to the Motion on January 23, 2018. *See* ECF 4-65 (hearing transcript); ECF 4-1 (same). Nelson's attorney appeared on Nelson's behalf, but Nelson did not attend. *See* ECF 4-65 at 2.[4] Jackson appeared, without counsel. *Id*.

---

[4] At the hearing of January 23, 2018, counsel for Nelson stated that on that same date he had received two emails from Nelson (ECF 4-65 at 4), which were then read into the record, *id.*: at 5:

> "I left on a medical mission to Haiti December 4, 2017. I have not returned from the medical mission trip to the USA. I am still working in Haiti on the development of their cardiovascular wellness program. I need more time to complete my mission.
>
> Since the Court will not extend my trial, I will delay the Haiti mission to attend the trial. I would prefer and request an extension of the trial date. My intention is to be present for the trial, February 6, 2018.

7

At the hearing, Jackson contended that beginning in November 2013, Nelson "concealed accounts receivable" for Nelson's "corporation and also . . . for himself" when he failed to update financial disclosure forms. ECF 4-65 at 16-17. However, Judge Lipp stated, *id.* at 19: "The fact that [Nelson] did not amend his schedules, we have [already] dealt with that." In the context of 11 U.S.C. § 727(a)(3), she explained, *id.* at 20:

> [O]n a summary judgment [motion] . . . , [u]nder 727(a)(3) it is not that he did not list [property] on his schedules, which you keep going back to, it is that he did not maintain or preserve recorded information. And the fact that he was able to give a thumb drive of information to the Trustee counters what you have said.
>
> And part of the problem is you have set forth a whole array of facts . . . that you believe are undisputed because you have a partial record but that aren't necessarily undisputed.
>
> There are no stipulations that that information is accurate.

The Bankruptcy Court added, *id.* at 21-24:

> [Under 11 U.S.C. §] 727(a)(3), you do not get a discharge unless the Debtor has failed to keep or preserve any recorded . . . information, books, documents, records, papers from which Debtor's financial condition or business transaction may be ascertained unless such act or failure to act was justified under the circumstances of the case. I am citing from <u>In Re: Fisher</u>: District of Maryland to Westlaw cite 2009 Westlaw 112330, a 2009 case.
>
>                   \*      \*      \*
>
> I have read the pleadings. . . . I do find that I would not grant summary judgment under 727(a)(3). It appears that additional information was provided [by Nelson]. I just do not know what that was.

---

> I was not aware of the hearing today until I was out of the USA. I could not get back today. I will be present on Feb. 6. I need more time in Haiti for my medical mission."
>
> That is e-mail number one. E-mail number two states, "I had not received the subpoena for February 6. This is an important piece of information that the Judge needs to be aware of."

The Bankruptcy Court denied Nelson's request to postpone the trial date. ECF 4-65 at 6. Additionally, counsel for Nelson attempted to withdraw from the case, but the Bankruptcy Court denied that motion as well. *See id.* at 7-10.

It may be at trial you can establish that there are some things that [Nelson] did not provide or preserve, more importantly. The fact that he did not amend the schedules is a different section of 727. And so you cannot say because he did not amend his schedules that he did not preserve books and records.

In other words, did he have them? Did he keep them? Now, maybe he did not give them and then that is something else but I need to know what it is that he had that wasn't given because, again, there was a thumb drive of things that was given. There were meetings of creditors and things exchanged. I just do not know what they are and you will probably need to have somebody testify as to what it was that was given and that he did not provide other information that at the time would be relevant because probably these accounts receivables had been exhausted anyway by 2015 when he converted the case.

\*   \*   \*

I do not know that he did not reveal [records]. That is the problem. . . . I know he gave up a thumb drive. I do not know what was on the thumb drive. You are telling me that the thumb drive only dealt with post-petition. I do not know that. I do not know what it is. I do not know what the Trustee got.

I do not know what information was provided and whether or not it was necessary or relevant to the administration of the case.

\*   \*   \*

I do not know whether [Nelson] was concealing other information. I do not know that the record is clear as to what in fact was given and when and so I am not granting the relief [requested by Jackson in the Motion for Partial Summary Judgment] under 727(a)(3).

As to 11 U.S.C. §§ 727(a)(5) and (a)(7), the following portion of the hearing transcript is pertinent, ECF 4-65 at 25-34:

MR. JACKSON: . . . So the Debtor had like $1 to $5 million dollars evaluation for his assets and the financial statements up through 2013. Then he files his petition in 2013 and there's no value for those assets. So, only he listed, what, $695,000 of assets, $658,000 of which was his residence. So, he never explained what happened to all those assets. So that's one and we can go through and look at my references to the evidence in terms of his specific failures to disclose. But that's the big picture we are going there.

THE COURT: Okay. Mr. Weiss [Counsel for Nelson]?

9

MR. WEISS: Thank you, Your Honor. Dealing with the 727(a)(5) issue, to quote it, "The Debtor has failed to explain satisfactorily before determination of denial of discharge under this paragraph any loss of assets or deficiency of assets to meet the Debtor's liabilities."

Well, I would argue that that type of determination is inappropriate for decision on summary judgment. That it would require live testimony to allow the Debtor to explain satisfactorily, at least to the Court's satisfaction, any loss of assets. . . . There are defenses and I would ask the Court to allow those defenses to be made at trial instead of decided at summary judgment.

MR. JACKSON: And to counter that I would state that any explanation not provided during the case, as he said, prior to this discharge, are not allowed at trial. Time is up on that. The Defendant failed to explain these disappearances and deficiencies.

THE COURT: Well, [Nelson] may have failed to explain it to your satisfaction but he did indicate that he had changed his tax returns and the tax returns do not necessarily show what the assets are or the value of assets in the bankruptcy schedules. . . . Well, then if those assets were real, if he really had them, then he will have to explain them but I do not know whether he made a misrepresentation in his financial statements to which somebody would have had an opportunity to object. . . . So, under summary judgment . . . I have to look to see whether there are material facts in dispute and there are material facts in dispute. . . . And I look at it in a light most favorable to the non-moving party.

\* \* \*

But as to these — the 727(a)(3), (a)(5) and (a)(7), looking at it in a light most favorable to the non-moving party and recognizing that the Debtor has raised, on many occasions, the issue of the revision of the tax returns — tax returns just are not necessarily indicative of what you own anyway in a bankruptcy or how you value the bankruptcy.

The assets might be and that is something that will have to be explained, it is going to be explained, by the Debtor at trial. But there are disputes as to material facts. Again, [Jackson] ha[s] raised it in a fashion as if what [he] believe[s] to be true cannot or is not a disputed fact and I do not find that to be the case.

\* \* \*

At this stage it does not — I do not believe that [Jackson] ha[s] met [the] burden to establish that these are material facts that are not in dispute and that [he is] entitled to a judgment as a matter of law.

10

>> MR. JACKSON: No, I understand.

*   *   *

>> THE COURT: But, again, based on the motion for summary judgment and the sections under which we are dealing with the motion for summary judgment, I am denying the motion for summary judgment.

By Order of January 23, 2018 (ECF 4-52), the Bankruptcy Court denied Jackson's Motion, stating, *id.*: "Upon consideration of the Motion for Partial Summary Judgment filed by the Plaintiff and the opposition filed by the Defendant, and for the reasons set forth on the record at the hearing held on this matter, it is, by the United States Bankruptcy Court for the District of Maryland, ORDERED, that the Motion for Partial Summary Judgment is hereby denied. Jackson filed his Notice of Appeal in the Bankruptcy Court the next day. *See* ECF 4-53. On January 25, 2018, the Notice of Appeal was filed in this Court. *See* ECF 1.

By Order of January 29, 2018 (ECF 4-62), the Bankruptcy Court allowed Mr. Weiss to withdraw from representation of Nelson. *See* ECF 8 at 1.

As indicated, trial was scheduled to begin on February 6, 2018. *See* ECF 4-30 at 2. However, it seems that Jackson "did not appear" on February 6, 2018. *See* 15-ap-228, ECF 227 (correspondence styled "Line Regarding Plaintiff's Absence at the Hearing on February 6, 2018") at 1. Therefore, the trial date was rescheduled for July 24, 2018. *See* 15-ap-228 (Bankruptcy Court Docket Entry of March 28, 2018).

Additional facts are included in the Discussion.

## II.   Discussion

### A.

Jackson identifies three issues in his "Statement of Issues To Be Presented On Appeal." *See* ECF 4-63 at 1-2. They are as follows, *id.*:

1. Whether [the] Bankruptcy Court erred when it denied Plaintiff/Movant's Motion for Partial Summary Judgment pursuant to 11 U.S.C. Secs. 727(a)(7) and 727(a)(3), notwithstanding the fact that, with Defendant's intent not being an element of the subject alleged violation, [and in consideration of the exhibits submitted by Jackson to the Bankruptcy Court] upon which the privilege of a discharge is dependent.

2. Whether [the] Bankruptcy Court erred when it denied Plaintiff/Movant's Motion for Partial Summary Judgment pursuant to 11 U.S.C. Secs. 727(a)(7) and 727(a)(5), notwithstanding the fact that, with Defendant's intent not being an element of the subject alleged violation, the admissible evidence reflect[s] that there is no issue as to any material fact that Defendant, sua sponte, failed to explain the loss of the Corporate Debtor's assets from its' [sic] 2009-2013 pre-financial statements and income tax returns and the deficiency of assets to meet the Corporate Debtor's estate liabilities; and

3. Whether [the] Bankruptcy Court erred when it denied Plaintiff/Movant's Motion for Partial Summary Judgment pursuant to 11 U.S.C. Sec. 727(a)(5), notwithstanding the fact that, with Defendant's intent not being an element of the subject alleged violation, the admissible evidence reflect[s] that there is no issue as to any material fact that Defendant, sua sponte, failed to explain the loss of the Debtor/Defendant's assets from his 2009-2013 pre-petition financial statements and the deficiency of assets to meet the Debtor/Defendant's estates's liabilities.

In sum, Jackson insists that there is no dispute of fact as to whether Nelson violated 11 U.S.C. §§ 727(a)(3), (a)(5), and (a)(7) when Nelson allegedly "(1) concealed the Corporate Debtor's accounts receivable from which the Corporate Debtor's financial condition or business transactions might be ascertained; (2) failed to explain satisfactorily the Corporate Debtor's loss of assets and/or the deficiency of assets to meet the Corporate Debtor's liabilities; and (3) failed to explain satisfactorily his loss of assets and/or the deficiency of assets to meet the his [sic] liabilities." ECF 7 at 28.

Section 727(a) of Title 11 of the United States Code states, in relevant part:

(a) The court shall grant the debtor a discharge, unless—

* * *

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records,

> and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
>
> * * *
>
> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;
>
> * * *
>
> (7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider; . . . .

The jurisdiction of a district court to hear an appeal from a bankruptcy court is conferred by 28 U.S.C. § 158(a), which provides, in relevant part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals[]
> (1) *from final judgments, orders, and decrees*;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees[.]

28 U.S.C. §§ 158(a)(1), (a)(2), (a)(3) (emphasis added).

Thus, "by statute, an appeal of right exists only from a final judgment, and any other appeal, *i.e.*, from an interlocutory order, may lie only upon obtaining leave of the court." *In re Rood*, 426 B.R. 538, 546 (D. Md. 2010) (Chasanow, J.); *see* 28 U.S.C. §§ 158(a)(1), (a)(3). "As a general rule, a final judgment under 28 U.S.C. § 1291 is 'one which ends the litigation . . . and leaves nothing for the court to do but execute the judgment.'" *In re Hebb,* 53 B.R. 1003, 1005 (D. Md. 1985) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)); *see In re Rood*, 426 B.R. at 546. By contrast, an interlocutory order is "one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires

further steps to be taken to enable the court to adjudicate the cause on the merits." *In re Hebb,* 53 B.R. at 1005.

Jackson asserts that his appeal is premised on 28 U.S.C. § 158(a)(1), which applies only as to "final judgments, orders, and decrees[.]" *See* ECF 1 at 1. However, the concept of a final judgment in a bankruptcy proceeding is more forgiving than the standard applied in civil proceedings under 28 U.S.C. § 1291. In *Bullard v. Blue Hills Bank*, __ U.S. __ 135 S. Ct. 1686, 1692 (2015), the Supreme Court said: "A bankruptcy Appeal Involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. Accordingly, 'Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case.'" (Citations omitted); *see Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013) ("[T]he concept of finality in bankruptcy traditionally has been applied in a 'more pragmatic and less technical way' than in other situations.") (quoting *McDow v. Dudley,* 662 F.3d 284, 287 (4th Cir. 2011)); *In re Computer Learning Centers, Inc.,* 407 F.3d 656, 660 (4th Cir. 2005) (stating that orders in bankruptcy cases "'may be immediately appealed if they finally dispose of discrete disputes within the larger case'") (quoting *In re Saco Local Dev. Corp.,* 711 F.2d 441, 444 (1st Cir. 1983)); *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 1009 (4th Cir. 1986) (stating that in the bankruptcy context, the concept of finality "has traditionally been applied 'in a more pragmatic and less technical way . . . than in other situations'") (quoting *In re Amatex Corp.,* 755 F.2d 1034, 1039 (3d Cir. 1985)).

Judge Chasanow explained in *In re Rood*, 426 B.R. at 546-47:

> [C]onsiderations unique to bankruptcy appeals, such as the protracted nature of the proceedings and the large number of interested parties, require a less rigorous application of the finality rule. *See* [*In re Saco Local Development Corp.,* 711 F.2d 441, 443-48 (1st Cir. 1983)]. Put differently, "[t]o avoid the waste of time

14

and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory." *In re Amatex Corp.,* 755 F.2d at 1039; *see also In re Mason,* 709 F.2d 1313, 1316 (9th Cir. 1983) (holding that finality must be determined "in light of the unique nature of bankruptcy procedure and not with blind adherence to the rules of finality"). Thus, for example, the decision to appoint a trustee or an examiner is a final appealable order because to hold otherwise would delay review of the decision until "a final plan is approved" and "may well cause several years of hearings and negotiations to be wasted." *In re Amatex,* 755 F.2d at 1040. Furthermore, the decision to set aside the sale of a bankruptcy asset and to reopen proceedings is also final and appealable because it "finally determines" a creditor's position vis-a-vis the debtor and places any resale of assets in considerable doubt. *In re Irvin,* 950 F.2d 1318, 1319 (7th Cir. 1991); *see In re Gould,* 977 F.2d 1038, 1041 (7th Cir. 1992). In sum, these cases stand for the proposition that an order is final and appealable if it (i) finally determines or seriously affects a party's substantive rights, or (ii) will cause irreparable harm to the losing party or waste judicial resources if the appeal is deferred until the conclusion of the bankruptcy case. *See In re Mason,* 709 F.2d at 1316 (citing R. LEVIN, BANKRUPTCY APPEALS, 59 N.C. L. Rev. 967, 985-86 & n.140).

(Quoting *In re Swyter,* 263 B.R. 742, 746 (E.D. Va. 2001)) (some citations omitted):

Even considering the "more liberal construction of finality as applied to appeals in bankruptcy cases," *A.H. Robins Co., Inc.,* 788 F.2d at 1009, the Order of January 23, 2018 (ECF 1-1), which is the subject of Jackson's appeal, cannot be construed as a final order. The adversary proceeding is still ongoing, with a trial date that is imminent. Moreover, the Order did not finally determine the substantive claims or rights of Jackson and Nelson, nor did it "finally dispose of discrete disputes within the larger case." *In re Saco Local Dev. Corp.,* 711 F.2d at 444. To the contrary, the bankruptcy judge made a determination that she could not decide the issue on the papers. So, the issue is pending; presumably, the issue of whether Nelson's debt is dischargeable pursuant to 11 U.S.C. 727(a)(3), (a)(5), or (a)(7) will be decided at the trial in July 2018. *See* 15-ap-228 (Bankruptcy Court docket entry of March 28, 2018)

15

(setting trial date for July 24, 2018).

**B.**

Because the order denying partial summary judgment is interlocutory, Jackson could appeal from it only upon obtaining leave of the court. *See* 28 U.S.C. § 158(a)(3); *see also In re Rood,* DKC-10-2651, 2010 WL 4923336, at *2 (D. Md. Nov. 29, 2010). A timely filed notice of appeal may be deemed a motion for leave to appeal pursuant to Fed. R. Bankr. P. 8003(c). *See In re Minh Vu Hoang,* DKC-11-3431, 2011 WL 6296839, at *1 (D. Md. Dec. 14, 2011); *In re Rood,* 2010 WL 4923336, at *4.

Under Fed. R. Bankr. P. 8002(a)(1), an appeal is timely if a notice of appeal is "filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Here, on January 23, 2018 (ECF 1-1), Judge Lipp denied Jackson's partial summary judgment motion. As noted, the following day, Jackson filed a Notice of Appeal in the Bankruptcy Court. *See* ECF 4-53. And, the Notice of Appeal was filed in this Court on January 25, 2018. *See* ECF 1.

Accordingly, the appeal was timely filed. Therefore, although Jackson has not formally requested leave to appeal pursuant to 28 U.S.C. § 158(a)(3), his timely notice of appeal will be deemed a motion for leave to file an interlocutory appeal. *See In re Minh Vu Hoang,* 2011 WL 6296839, at *1; *In re Rood,* 2010 WL 4923336, at *4. But, the request shall be denied.

Judge Hazel explained in *HeiTech Serv's, Inc. v. Rowe*, GJH-17-1319, 2017 WL 4838750, at *2 (D. Md. Oct. 24, 2017) (citations omitted):

> When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b). Under this analysis, leave to file an interlocutory appeal should be granted only when 1) the order involves a controlling question

of law, 2) as to which there is substantial ground for a difference of opinion, and
3) immediate appeal would materially advance the termination of the litigation.

(Quoting *In re Pawlak,* 520 B.R. 177, 182 (D. Md. 2014)); *see KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.,* 250 B.R. 74, 78 (E.D. Va. 2000). All three elements must be met for leave to be granted. *See In re Air Cargo, Inc.,* CCB-080587, 2008 WL 2415039, at *3 (D. Md. June 11, 2008); *KPMG Peat Marwick,* 250 B.R. at 79.

A district court will not hear an interlocutory appeal when parties merely "'disagree as to a Bankruptcy Court's interlocutory order, but rather only where substantial ground for disagreement exists as to the controlling issues of law that informed the order.'" *In re Pawlak,* 520 B.R. at 184 (quoting *In re Air Cargo, Inc.,* 2008 WL 2415039, at *3); *see KPMG Peat Marwick,* 250 B.R. at 79. "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." *Lynn v. Monarch Recovery Mgmt., Inc.,* 953 F. Supp. 2d 612, 624 (D. Md. 2013).

### 1. Controlling Question of Law

Notably, "[a]n order involves a controlling question of law when reversal of the bankruptcy court's order would be dispositive of the case as either a legal or practical matter and determination of the issue on appeal will materially affect the outcome." *In re Minh Vu Hoang,* 2011 WL 6296839, at *2; *accord In re Rood,* 2010 WL 4923336, at *4; *In re Pawlak,* 520 B.R. at 183. A controlling question of law is "a narrow, dispositive question of pure law." *KPMG Peat Marwick,* 250 B.R. at 79. "Factual determinations and appeals presenting a question of law and fact are not appropriate for interlocutory review." *In re Pawlak,* 520 B.R. at 183 (quoting *In re ASC, Inc.,* 386 B.R. 187, 196 (E.D. Mich. 2008)).

Here, Jackson's appeal seeks to overturn Judge Lipp's determination that material disputes of fact prevented her from granting summary judgment as to Jackson's claims lodged

under 11 U.S.C. §§ 727(a)(3), (a)(5), and (a)(7). *See* ECF 1; ECF 1-1.

As to 11 U.S.C. § 727(a)(3), Judge Lipp noted that Nelson had produced a "thumb drive" to "the Trustee" that contained "information" that may be relevant to whether Nelson failed to "maintain or preserve recorded information." ECF 4-65 at 20. Accordingly, Judge Lipp found that "additional information was provided" by Nelson. *Id.* at 21. Further, Judge Lipp acknowledged that "[t]here were meetings of creditors" at which "things [were] exchanged" that may be relevant to whether Nelson failed to preserve records in relation to the underlying bankruptcy case. *Id.* Moreover, Judge Lipp noted that even if Nelson "did not amend" his financial disclosure forms, that would not necessarily prove that he "did not preserve books and records" pursuant to 11 U.S.C. § 727(a)(3). *Id.* at 22. Therefore, she concluded that there are material disputes of fact as to "what information was provided and whether it was necessary or relevant to the administration of the case." *Id.* at 23.

As to Jackson's claim lodged under 11 U.S.C. § 727(a)(5), counsel for Nelson argued that Nelson ought to be afforded the opportunity to testify at trial so that he may "explain satisfactorily, at least to the Court's satisfaction, any loss of assets." *Id.* at 27. Further, counsel for Nelson stated, *id.*: "There are defenses and I would ask the Court to allow those defenses to be made at trial[.]" Notably, Judge Lipp stated that Nelson "did indicate that he had changed his tax returns" in relation to his reported assets. *Id.* at 28. And, she stated that "if those assets were real, if [Nelson] really had them, then he will have to explain them" at trial. *Id.* Based on those findings, Judge Lipp concluded that disputes of fact prevented her from knowing "whether [Nelson had] made a misrepresentation in his financial statements" constituting a failure to explain a loss or deficiency of assets, pursuant to 11 U.S.C. § 727(a)(5). *See id.*

As to 11 U.S.C. § 727(a)(7), Judge Lipp noted that Nelson had "raised, on many

18

occasions, the issue of the revision of the tax returns." *Id.* at 30. Of course, Judge Lipp also stated that "tax returns just are not necessarily indicative of what [one] own[s] . . . in a bankruptcy" matter. *Id.* Nevertheless, Judge Lipp concluded that the extent of Nelson's assets remained unclear, and "will have to be explained, by the Debtor at trial." Accordingly, Judge Lipp concluded that there "are disputes as to material facts" relevant to Jackson's claim predicated on 11 U.S.C § 727(a)(7). *See id.*

Jackson's appeal of Judge Lipp's Order of January 23, 2018 (ECF 1-1) turns largely on factual questions. It does not involve "a narrow, dispositive question of pure law." *KPMG Peat Marwick,* 250 B.R. at 79.

### 2. Substantial Disagreement as to a Controlling Question of Law

As noted, the second prong is not satisfied whenever parties merely "disagree as to a Bankruptcy Court's interlocutory order," but there is no "substantial ground for disagreement . . . as to the controlling issues of law that informed the order." *In re Air Cargo, Inc.*, 2008 WL 2415039, at *3; *see also In re Pawlak,* 520 B.R. at 184. In my view, the hearing transcript (ECF 4-65) indicates that Judge Lipp's Order of January 23, 2018 (ECF 1-1), was informed by the appropriate standard of review used at the summary judgment stage of litigation. Moreover, Judge Lipp's Order (ECF 1-1) was informed by the plain meaning of 11 U.S.C. §§ 727(a)(3), (a)(5), and (a)(7), on which Jackson predicated his Motion. *See* ECF 4-65 at 20-30. There is no disagreement as to the applicable law.

### 3. Immediate Appeal Materially Advancing the Termination of Litigation

Even if Jackson had demonstrated substantial grounds for a difference of opinion concerning the applicable controlling law, he must also demonstrate that an interlocutory appeal would materially advance termination of the lawsuit. *See In re Air Cargo, Inc.*, 2008 WL

2415039, at *4. Jackson has failed to make such a showing.

### III. Conclusion

Jackson's appeal of the Bankruptcy Court's Order of January 23, 2018 (ECF 1-1) is subject to dismissal because it is an appeal of an interlocutory order. There is no basis to consider the interlocutory order at this juncture.

An Order follows.

Date: June 25, 2018                                   /s/
                                        Ellen Lipton Hollander
                                        United States District Judge